UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

JOSEPH WILLIAMS,

                        Plaintiff,

vs.

EUGENE CONWAY, ONONDAGA COUNTY
SHERIFF, ONONDAGA COUNTY, ONONDAGA
COUNTY SHERIFF'S OFFICE, ESTEBAN
GONZALEZ CHIEF CUSTODY DEPUTY,
ONONDAGA COUNTY JUSTICE CENTER,
THOMAS MCDOWELL SERGEANT ONONDAGA
COUNTY JUSTICE CENTER, JOHN HINTON,
DEPUTY ONONDAGA COUNTY JUSTICE CENTER,

                        Defendants.

---

MEMORANDUM OF LAW

15-CV-427(TJM/CFH)

---

                        LORI H. TAROLLI
                        Acting County Attorney
                        Carol L. Rhinehart, of counsel
                        Attorney for Defendants
                        421 Montgomery St., 10th Floor
                        Syracuse, NY 13202
                        (315) 435-2170

# TABLE OF CONTENTS

|  |  | Page |
|---|---|---|
| PRELIMINARY STATEMENT | | 1 |

ARGUMENT

| PLAINTIFF HAS FAILED TO MEET THE CRITERIA NECESSARY FOR CLASS CERTIFICATION | | 1 |
|---|---|---|
| A. | Plaintiff Cannot Establish that the Putative Class is so Numerous that Joinder is Impracticable | 2 |
| B. | Commonality and Typicality | 4 |
| C. | The Named Plaintiff Cannot Fairly and Adequately Protect The Interest of the Proposed Plaintiff Class | 5 |
| CONCLUSION | | 6 |

## PRELIMINARY STATEMENT

Plaintiff, Joseph Williams, a profoundly deaf man and former inmate at the Onondaga County Justice Center ("Justice Center") brings this motion for class certification. Plaintiff alleges that as a result of a system-wide policy or practice to deny Plaintiff and others similarly situated the assistance required by deaf and hard-of-hearing prisoners to effectively communicate, the Plaintiff class has been excluded from a variety of programs and activities offered by the Justice Center, has been punished as a result of their disabilities, and has otherwise suffered harm. Plaintiff requests declaratory and injunctive relief, as well as monetary damages, costs and attorneys' fees for alleged violations of the Americans with Disabilities Act ("ADA"), Section 504 of the Rehabilitation Act of 1973, the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA"), the First, Sixth, and Fourteenth Amendments to the United States Constitution and Articles 1 and 6 of the Constitution of the State of New York.

In this putative class action, Plaintiff moves pursuant to Rule 23 of the Federal Rules of Civil Procedure to certify a class consisting of "all present and future deaf and hearing impaired prisoners of the Onondaga County Justice Center who have been, are, or will be discriminated against, solely on the basis of their disability, in receiving the rights and privileges accorded to all other prisoners". Plaintiff, however, cannot meet the requirements necessary for class certification, and for the reasons set forth herein, Plaintiff's motion for class certification should be denied.

## ARGUMENT

### PLAINTIFF HAS FAILED TO MEET THE CRITERIA NECESSARY FOR CLASS CERTIFICATION

In order to be certified, a putative class must first meet all four requirements set forth in Rule 23(a) of the Federal Rules of Civil Procedure. See Teamsters Local 445 Freight Div.

Pension Fund v. Bombadier Inc., 546 F.3d 196, 201-02 (2d Cir. 2008). The burden rests with the party seeking class certification to establish by a preponderance of the evidence that each of the Rule 23 requirements have been met. See Myers v. Hertz Corp., 624 F.3d 537, 547 (2d Cir. 2010). Thus, a class action may be maintained only if the Plaintiff establishes: "(1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class." Fed.R.Civ.P. 23(a).

Here, Plaintiff seeks certification of a class consisting of "all present and future deaf and hearing-impaired prisoners of the Onondaga County Justice Center who have been, are, or will be discriminated against, solely on the basis of their disability, in receiving the rights and privileges accorded to all other prisoners." Plaintiff, however, has not even approached the level of proof necessary to establish his burden on this motion. He is unable to satisfy the prerequisites set out above to establish entitlement to class certification, and therefore the application for the certification of a class must be denied.

**A.     Plaintiff Cannot Establish that the Putative Class Is so Numerous that Joinder Is Impracticable.**

Numerosity is the first requirement that Plaintiff must prove under Rule 23(a). Plaintiff must demonstrate that the prospective class is so numerous that joinder is impracticable. Fed.R.Civ.P. 23(a)(1). This requirement necessitates examination of the specific facts of each case, and numerosity in the Second Circuit may be presumed at a level of 40 members. See Hamelin v. Faxton-St. Luke's Healthcare, 274 F.R.D. 385, 393 (N.D.N.Y. 2011).

Certification of a class will not necessarily be barred where the plaintiff lacks knowledge of the exact number of persons affected. Clarkson v. Coughlin, 145 F.R.D. 339, 346 (S.D.N.Y.

2

1993). The Plaintiff, however, must demonstrate some evidence of or reasonably estimate the number of class members. Russo v. CVS Pharm., Inc., 201 F.R.D. 291, 295 (D.Conn. 2001); Gortat v. Copala Bros., Inc., 257 F.R.D. 353, 362 (E.D.N.Y. 2005).

Here, Plaintiff estimates that approximately 600 prisoners with a hearing impairment are incarcerated at the Justice Center each year. Further, he estimates that 70 individuals who are profoundly deaf have been incarcerated at the Justice Center within the last five years. Plaintiff relies on statistics provided by the Bureau of Justice which estimates that: (a) six percent of the total U.S. local jail population has a significant hearing impairment, meaning they have difficulty hearing a normal conversation even with a hearing aid, and (b) data which approximates that 0.14% of the total U.S. population is profoundly deaf using ASL as their primary mode of communication. Plaintiff's reliance on these statistics and data is faulty.

First, the Bureau of Justice Statistics estimate encompasses all local jail populations in the entire country. Clearly, some localities will have a higher percentage of hearing impaired inmates based on the total population of hearing impaired in that particular community. In addition, the data which approximates that 0.14% of the entire U.S. population is profoundly deaf fails to break down or separate the deaf adults who communicate through ASL and by virtue of age alone would be potentially eligible to be arrested and held in a local jail. Children must be excluded as they cannot be detained/housed in a adult facility. Further, Plaintiff presumes that each of these individuals would be likely to be charged with a crime and lodged in a local jail when creatively calculating his estimate. Common sense dictates that Plaintiff's estimate is greatly inflated. Moreover, the evidence in this case establishes that Plaintiff has been the only deaf or significantly hearing impaired inmate held in the Justice Center since 2006. See Affidavit of Esteban Gonzalez.

3

It is therefore reasonable to infer that Plaintiff's class currently consists of Plaintiff alone. Consequently, Plaintiff cannot satisfy the numerosity requirement and the Court should deny class certification.

### B. Commonality and Typicality

Courts generally examine the second and third requirements, commonality and typicality together. See Hamelin, 274 F.R.D. at 394. Plaintiff can meet the commonality requirement if "plaintiffs' grievances share a common question of law or fact." See Marisol v. Giuliani, 126 F.3d 372, 376 (2d Cir. 1997). The typicality requirement can be met when it is demonstrated that the claims of the class representative are typical of those of the class. Id. at 378. Typicality "is satisfied when each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendants' liability." Id.

Here, there are no questions of law or fact common to the class nor can Plaintiff assert that his claim is typical of the class. While Plaintiff claims that he has been excluded from a variety of programs and activities offered by the Justice Center, punished as a result of his disability and has suffered harm as a result of a system-wide policy or practice to deny Plaintiff the assistance to effectively communicate, this claim is particular to the Plaintiff alone. Plaintiff was the only deaf or significantly hearing impaired inmate secured at the Justice Center since 2006. He filed a grievance with the facility identifying his concerns, and the Justice Center has instituted a number of improvements such that any future deaf or hearing impaired inmate at the Justice Center will not share the same course of events as Plaintiff or the same legal arguments. See Affidavit of Esteban Gonzalez. As a result, Plaintiff cannot demonstrate commonality and typicality and the application for certification should be denied.

4

### C. The Named Plaintiff Cannot Fairly and Adequately Protect the Interest of the Proposed Plaintiff Class.

Under the adequacy requirement of Rule 23(a), a court must ensure that the putative representative "possesses the same interests and suffers the same injuries as the class members." See In re Literary Works in Elec. Databases Copyright Litig., 654 F.3d 242, 249 (2d Cir. 2011). A class representative is not "adequate" unless he is a member of the class he purports to represent. See In re Vitamin C. Antitrust Litigation, 279 F.R.D. 90, 99 (E.D.N.Y. 2012).

In the context of prisoner litigation, once the conduct of which a prisoner complains is no longer directed at that prisoner, his personal claim for injunctive relief from that conduct is moot. See Beya v. Coughlin, 789 F.2d 986, 988-89 (2d Cir. 1986). In Beyah, the Second Circuit Court of Appeals held that the plaintiff's complaint directed at allegedly unconstitutional practices at a particular institution was moot to the extent that it sought declaratory and injunctive relief once the plaintiff was transferred to a different institution. Id.

In the instant matter, Plaintiff is no longer being held in the Justice Center. He was transferred to the custody of the New York State Department of Correction on May 28, 2015. See Affidavit of Esteban Gonzalez and Exhibit A. The Amended Complaint seeks both declaratory and injunctive relief. See Amended Complaint, Ct. Doc. No. 10. To the extent that Plaintiff seeks such relief for himself, his claims are moot. Consequently, Plaintiff cannot represent the putative class adequately and in the absence of an unnamed member of the Plaintiff class who can intervene in the action and pursue the claims, the application for certification should be denied. See Affidavit of Esteban Gonzalez (currently there are no deaf or hearing impaired inmates who require the assistance of a sign language interpreter in order to communicate being housed in the Justice Center).

## **CONCLUSION**

For the reasons discussed above, Plaintiff's motion for class certification should be denied.

Dated: June 9, 2015

*[signature]*
LORI H. TAROLLI
ACTING COUNTY ATTORNEY
Carol L. Rhinehart, of Counsel
Bar Roll No. 509096
Attorney for Defendants
County of Onondaga
421 Montgomery Street
Syracuse, NY 13202